UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY PAUL SMITH,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DUEL VOCATIONAL INSTITUTE,<br><br>　　　　　Respondent. | No. 2:17-cv-2239 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDTIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims prison officials have been deliberately indifferent to his medical needs. For the reasons set forth below, the court will dismiss the petitioner without prejudice.

**IN FORMA PAUPERIS**

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**SCREENING**

**I.　　Screening Requirement**

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to

1

Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**II.    The Petition**

Petitioner alleges two grounds for relief in his petition. Petitioner states his first ground for relief is based on the Public Safety and Rehabilitation Act of 2016. He states the purpose of the act was to protect and enhance public safety, to protect and enhance public safety, to save money by reducing wasteful spending on prisons, and to stop the revolving door of crime. (ECF No. 1 at 6.) He states that his second ground for relief is based on deliberate indifference in violation of the Eighth Amendment. (ECF No. 1 at 8.) He claims he is missing a testicle and Dr. White refused to give him ibuprofen. Plaintiff requests nominal, punitive, and compensatory damages. (ECF No. 1 at 16.)

**III.   Analysis**

It appears plaintiff's allegations are related to the conditions of confinement. However, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is not the proper vehicle for petitioner to challenge the conditions of his confinement.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act . . . , 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus. An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.

Hill v. McDonough, 547 U.S. 573, 579 (2006) (internal citations omitted) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). Claims regarding the conditions of petitioner's confinement, as opposed to the validity or duration of his confinement, must be brought in a civil rights action. Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979). Petitioner's allegations do not challenge the legality of his confinement, but rather allege that the terms of his confinement constitute cruel and unusual punishment. Accordingly, the petition should be dismissed.

If petitioner would like to bring a claim challenging the conditions of his confinement under 42 U.S.C. § 1983, including the quality of his medical care, plaintiff must commence a

////

separate civil rights action by filing a complaint together with an application to proceed in forma pauperis or payment of the filing fee.

**IV.     Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to randomly assign a district judge to this action; and

2. The Clerk of the Court is directed to send plaintiff, together with a copy of this order, a blank civil rights complaint and a blank application to proceed in forma pauperis used by prisoners in this district. Plaintiff may complete and file these documents to commence a new civil rights action.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice because the petition does not allege grounds that would entitle petitioner to habeas corpus relief.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The documents should be captions "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 26, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner-Habeas/smit2239.scrn